UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

———

No. 6:26-cv-00101

———

**Gregg Haden,**
*Petitioner,*

v.

**Director, TDCJ-CID,**
*Respondent.*

———

# ORDER

Petitioner Gregg Haden, a Texas Department of Criminal Justice (TDCJ) inmate proceeding pro se, filed this habeas corpus proceeding under 28 U.S.C. § 2254. Doc. 1. The case was referred to a magistrate judge, who issued a report recommending that the court dismiss petitioner's habeas petition without prejudice for lack of subject-matter jurisdiction. Doc. 3 at 3–5. The magistrate judge determined that petitioner filed a successive habeas petition without prior authorization from the U.S. Court of Appeals for the Fifth Circuit. *Id.* at 3–4. The report also recommended that the court deny petitioner a certificate of appealability (COA) sua sponte. *Id.* at 5. Petitioner timely filed objections and a motion for a COA. Docs. 7, 8.

The court reviews the objected-to portions of a magistrate judge's report and recommendation de novo. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). "Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. Unit B 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc). Furthermore, a party's entitlement to de novo review does not entitle it to raise arguments that were not presented to the magistrate judge without a compelling reason. *See Cupit v. Whitley*, 28 F.3d 532, 535 & n.5 (5th Cir. 1994).

- 1 -

When there have been no timely objections to a report, or the objections are improper, "the court need only satisfy itself that there is no clear error on the face of the record." Fed. R. Civ. P. 72(b), advisory committee's notes to 1983 amendment.

## I.  Background

In 2015, petitioner was sentenced to "seventy-five years in prison on each count of aggravated sexual assault of a child and twenty years' confinement on each count of indecency with a child. The trial court ordered the sentences to run consecutively." *See Haden v. State*, No. 6:16-cr-00141, 2017 WL 2178897, at *1 (Tex. App. May 18, 2017). Petitioner challenged his conviction on appeal, but the appellate court affirmed his conviction. *Id.* at *9. The Texas Court of Criminal Appeals subsequently denied his petition for discretionary review.

Petitioner then filed a state habeas application, which the state court denied, and a federal habeas petition in this court. *See Haden v. Director TDCJ-CID*, No. 6:19-cv-00566 (E.D. Tex. Nov. 21, 2019), Doc. 1. This court denied petitioner's federal petition and similarly denied a COA. *Id.*, Doc. 13. Petitioner filed a notice of appeal, and the Fifth Circuit also denied him a COA. *Id.*, Docs. 15, 16. The U.S. Supreme Court denied his subsequent petition for a writ of certiorari in June 2023. *Id.*, Doc. 17. The court then dismissed petitioner's motion for relief from final judgment in that case, which the court construed as a successive habeas petition. *Id.*, Doc. 19.

Petitioner later filed a motion for authorization to file a successive petition. *See In re Haden*, No. 25-40665 (5th Cir. Oct. 16, 2025), Doc. 1. The Fifth Circuit denied petitioner's motion. *Id.*, Doc. 19. Petitioner initiated this proceeding in February 2026 (Doc. 1) and filed another motion for authorization to file a successive petition at the Fifth Circuit. *See In re Haden*, No. 26-40322 (5th Cir. May 28, 2026), Doc. 1. The Fifth Circuit denied that motion as well. *Id.*, Doc. 21.

- 2 -

## II. Analysis

In his objections, petitioner maintains that his fundamental rights were violated during his trial and asserts that this court should transfer the petition to the Fifth Circuit for consideration. Doc. 7 at 7. Petitioner argues that the court should issue a COA because he has shown actual innocence, ineffective assistance of counsel, and a double-jeopardy violation. *See generally id.*

The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) makes it significantly harder for state inmates to file "second or successive" habeas petitions. *See* 28 U.S.C. §§ 2244(b); 2254(b). The Fifth Circuit has described the AEDPA as a "gate-keeper by preventing the repeated filing of habeas petitions that attack the prisoner's underlying conviction." *Leal Garcia v. Quarterman*, 573 F.3d 214, 220 (5th Cir. 2009). To this end, the district court lacks jurisdiction to entertain a second or successive petition unless the Fifth Circuit authorizes or allows it to proceed. *See* 28 U.S.C. § 2244(b)(3)(A); *Storey v. Lumpkin*, 8 F.4th 382, 390 (5th Cir. 2021).

The Fifth Circuit has held that when confronted with a second or successive petition, the district court *may* transfer the petition to the court of appeals under 28 U.S.C. § 1631. *Storey*, 8 F.4th at 390. In relevant part, § 1631 provides that "[w]henever a civil action is filed . . . and th[e] court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court . . . in which the action or appeal could have been brought at the time it was filed."

Petitioner does not object to the characterization that his pending federal petition is a second or successive petition. He objects to the court dismissing his case rather than transferring it to the Fifth Circuit. Doc. 7 at 7. But federal courts have repeatedly refused to transfer a successive petition to Fifth Circuit in cases where, as here, a petitioner repeatedly files unauthorized successive petitions or where a transfer would be inefficient. *See, e.g.*, *Barrientos v. Director, TDCJ-CID*, No. 3:21-cv-00717, 2021 WL 4583097, at *1 (N.D. Tex. Oct. 6, 2021) (finding that a transfer to

- 3 -

the Fifth Circuit was not warranted given the petitioner's history of filing unauthorized successive petitions); *Hawkins v. Lumpkin*, No. 2:22-cv-00210, 2022 WL 19775473, at *6 (S.D. Tex. Nov. 3, 2022) (determining that transferring the successive petition would be inefficient).

Here, the interests of justice would not be served by transferring petitioner's habeas petition to the Fifth Circuit. This court considered and rejected petitioner's previous challenge to his conviction and sentence for aggravated sexual assault of a child and indecency with a child on the merits. *See Haden v. Director TDCJ-CID*, No. 6:19-cv-00566 (E.D. Tex. June 29, 2022), Docs. 13, 14. The Fifth Circuit similarly denied him a COA. *Id.*, Doc. 16 at 2. Petitioner then petitioned the Supreme Court, which also denied relief. *Id.*, Doc. 17.

The Fifth Circuit has twice denied petitioner's motion for authorization to file a second, successive application in December 2025. *See In re Haden*, No. 25-40665 (5th Cir. Dec. 5, 2025), Doc. 19; *In re Haden*, No. 26-40322 (5th Cir. June 17, 2026), Doc. 21. Therefore, a transfer to the Fifth Circuit would be inefficient and redundant. Given petitioner's filing history—coupled with his twice-denied requests for authorization at the Fifth Circuit—the court declines to transfer this petition.

### III. Conclusion

Accordingly, the court accepts the magistrate judge's report and overrules petitioner's objections. Petitioner's habeas proceeding is dismissed without prejudice for lack of subject-matter jurisdiction. Petitioner's motion for a certificate of appealability (Doc. 8) is denied. Any pending motions are denied as moot.

*So ordered by the court on June 26, 2026.*

J. CAMPBELL BARKER
United States District Judge